Twin City Fire Ins. Co. *v.* Zupnik.

(Decided April 15, 1929.)

*Messrs. Thompson, Hine & Flory,* for plaintiff in error.

*Mr. E. J. Hopple,* for defendant in error.

LEVINE, J. In the municipal court of Cleveland the defendant in error, Dr. Joel Zupnik, recovered a judgment against plaintiff in error upon a verbal contract of fire insurance, purported to have been entered into between the company's alleged agent, one James Castle, and the defendant in error. Error is prosecuted, seeking a reversal of said judgment.

It appears that in August, 1924, the defendant in error, Dr. Zupnik, upon the solicitation of James Castle, made application for a policy of fire insurance to cover him against loss from fire on premises of which he was then the owner. This application so solicited by James Castle was acted upon by the insurance company at that time, and there was issued to plaintiff a fire insurance policy on or about August 8, 1924. About August 23, 1925, defendant in error made an application through James Castle to increase the principal sum of the fire insurance policy, and thereupon the increase was granted, and the face of the policy increased from $2,500, the original sum, to $3,300. This policy of insurance originally applied for and delivered, and as subsequently increased, was for a term of three years.

The premium for the amount of the original insurance, and also for the increase, was paid by defendant in error by check, and the same was delivered to James Castle, the person who solicited the application. While the policy of 1924 was in force, defendant in error. suffered a loss from fire on the premises covered by the policy of insurance. This loss was paid, and the check issued in favor of defendant in error to cover the loss was delivered to defendant in error through James Castle. This policy of 1924 was signed by H. O. Brinker, one of the authorized agents of the Twin City Fire Insurance Company. The adjustment of the fire loss was effected and the check therefor issued by the said H. O. Brinker, who delivered the same in behalf of his company to James Castle, who in turn was to deliver it to defendant in error.

It appears further that the office of James Castle was in the same headquarters as that occupied by H. O. Brinker, admittedly the agent of the Twin City Fire Insurance Company, at 522 Insurance Center Building, Cleveland, Ohio. The names of both James Castle and H. O. Brinker appeared on the door that was the common entrance to the office.

On or about June 15, 1927, some time prior to the expiration of the fire insurance policy of 1924, James Castle came to the office of defendant in error and called his attention to the fact that the policy of fire insurance of 1924 would soon expire. It is claimed by defendant in error that in that conversation it was understood and agreed between them that the policy of fire insurance issued by the Twin City Fire Insurance Company, in 1924, would be renewed for a like term for the same principal sum and with

the same company. On that point we have only the statement of defendant in error, as James Castle has since died.

On or about September 8, 1927, defendant in error suffered a fire loss on his premises, and he immediately reported the fact of loss to H. O. Brinker, agent for the Twin City Fire Insurance Company, and also furnished the necessary proof of loss and forwarded the same to the home office of the insurance company. Payment of loss was refused by the company, and the proof of loss was returned to the defendant in error.

The theory of defendant in error's counsel, which theory the trial court adopted, is that on or about June 15, 1927, James Castle, acting for the Twin City Fire Insurance Company, entered into a verbal contract of fire insurance with the defendant in error relative to fire insurance on the premises owned by defendant in error, and that the same is binding upon the plaintiff in error company. There is but one issue presented in the record, namely: Are the facts sufficient to establish Castle as the agent of the defendant company as of June, 1927, and also to establish his authority to issue oral contracts of insurance. The fact of Castle's agency and his authority must be proven by defendant in error by the requisite amount of proof. The methods of creating agency are well settled. They are:

(1) By the active consent of the principal and agent.

(2) By operation of law.

(3) By estoppel.

(4) By ratification.

The record negatives any inference that James Castle, in the transaction of June, 1927, was the agent of the Twin City Fire Insurance Company.

We are referred by defendant in error's counsel to Section 9586, General Code, which reads as follows:

"A person who solicits insurance and procures the application therefor, shall be held to be the agent of the party, company or association, thereafter issuing a policy upon such application or a renewal thereof, anything in the application or policy to the contrary notwithstanding."

It is therefore claimed, in view of the previous transactions between the parties, that James Castle, who solicited the original insurance of 1924 and procured defendant in error's application therefor, must be held to be the agent of the company, and as such must be deemed possessed of authority to make the verbal contract of fire insurance with defendant in error in June, 1927.

A careful perusal of the section above referred to discloses that a solicitor of insurance is held to be the agent of the insurance company only in the event that the company thereafter issues a policy upon the application so solicited and procured by such person. This section does not make him the agent of the company for all purposes, but only as to those purposes connected with the negotiation of a contract thereafter issued in the form of a policy by the company.

H. O. Brinker testified that James Castle at no time renewed through him the policy of fire insurance in favor of defendant in error, either with the

Twin City Fire Insurance Company or any other fire insurance company.

It must be admitted, from the record, that no policy of fire insurance was ever issued by the Twin City Fire Insurance Company to take effect upon the expiration of the old policy. There were no direct dealings between James Castle and the Twin City Fire Insurance Company at any time. These dealings were with H. O. Brinker, agent of the Twin City Fire Insurance Company. Nowhere in the record do we find any evidence tending to show actual authority vested in James Castle to enter into a verbal contract of fire insurance for and in behalf of the Twin City Fire Insurance Company. Such authority cannot be claimed by virtue of the operation of law, for the reason that Section 9586, General Code, which deems a person who solicits insurance, and procures the application therefor, the agent of the company, is limited solely to those cases where upon such application so procured the company issues a policy or a renewal thereof.

When the policy is actually issued upon such application, or a renewal thereof is granted by a company, from that time on the person who solicited the insurance and procured the application therefor is deemed to be the agent of the company issuing the insurance.

In the absence of the actual issuing of the policy upon the application so procured, or in the absence of the renewal of the policy by the company, the provisions of the statute are inapplicable. Granting, as we must, for the sake of the record, that no renewal of the policy of fire insurance was ever granted, or issued by plaintiff in error, no reliance

can be had upon the provisions of the above section in order to establish the authority of James Castle.

Does the record permit the application of the doctrine of estoppel in order to create the situation of principal and agent between James Castle and the Twin City Fire Insurance Company? It appears that the Twin City Fire Insurance Company at no time had any direct dealings with James Castle. His dealings were with H. O. Brinker, admittedly the agent of the Twin City Fire Insurance Company, who signed the policy of 1924 in that capacity. James Castle was not a fire insurance agent, because he was not listed and licensed by the state, as is provided by Section 654-1, General Code.

We agree with the contention of plaintiff in error, from the facts adduced in the record, that James Castle is to be regarded as an insurance broker. The definition of an insurance broker is found in 9 Corpus Juris, 509, as follows:

"An insurance broker is one who acts as middleman between the insured and the insurer; one who solicits contracts from the public under no employment from any special company, but, having secured an order, places the insurance with the company selected by the *insured,* or, in the absence of any selection by him, then with the company selected by such broker."

In 32 Corpus Juris, 1055, we find the following statement:

"An insurance broker may of course be employed, by the company as its agent; but there must be evidence of some action on the part of the company or of facts from which a general authority to represent it may be fairly inferred."

In order to hold the Twin City Fire Insurance Company bound by the act and agreement of James Castle, there must be evidence of apparent authority; that is, a holding out by the company of James Castle as its authorized agent, duly empowered to enter into a verbal contract of insurance. The mere fact that one of James Castle's applications, made for and in behalf of the defendant in error in 1924, was favorably acted upon by the Twin City Fire Insurance Company, does not in law amount to a holding out by the company of James Castle as its duly authorized agent to transact any future business for and in its behalf.

The burden of proof devolving upon defendant in error to prove authority, either actual or apparent, we are forced to conclude that the record does not sustain the relationship of agent and principal between James Castle and the Twin City Fire Insurance Company.

Thus holding, the judgment of the municipal court is reversed, and the cause is remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

VICKERY, P. J., and SULLIVAN, J., concur.